FILED
2016 JUN 14 AM 9:29
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JOSEPH KRAMER, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:16-cv-464-FtM-99MRM |
| BRIDGESTONE RETAIL OPERATIONS, LLC (d/b/a Firestone Complete Auto Care), a Delaware limited liability company, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JOSEPH KRAMER ("KRAMER"), by and through his attorney, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation in violation of the ADEA, and (4) retaliation in violation of the FCRA.

### PARTIES

2. The Plaintiff, JOSEPH KRAMER ("KRAMER") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Lee County, Florida.

3. Defendant, BRIDGESTONE RETAIL OPERATIONS, LLC (d/b/a Firestone Complete Auto Care)("Defendant) is a Delaware limited liability company with a principal place of business located at 333 East Lake Street, Bloomingdale, Illinois 60108, but which employed

1

KRAMER at its Firestone Complete Auto Care store located at 15155 McGregor Blvd., Fort Myers, Florida 33908.

4. At all material times, the above Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over any of KRAMER's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. KRAMER timely filed his Charge of Discrimination and received his Notice of Right to Sue on March 21, 2016. A true and accurate copy is attached as Exhibit A.

## GENERAL ALLEGATIONS

9. KRAMER was employed by the Defendant as a store manager.

10. KRAMER began his employment with the Defendant in April 2001.

11. KRAMER is a member of a protected class on the basis of his age since he is well over the age of forty (40).

12. KRAMER always performed his assigned duties in a professional manner and was very well qualified for his positions despite his age.

13. **KRAMER** almost always received good to very good performance reviews from the Defendant.

14. However, beginning in or about December 19, 2014, **KRAMER** began being subjected to discrimination on the basis of his age.

15. Specifically, the Defendant through its district manager, began making disparaging comments related to **KRAMER**'s age, which he immediately objected to.

16. The Defendant then began systematically replacing those workers over the age of 40 without warning.

17. When the district manager's age-based comments did not stop, **KRAMER** complained repeatedly to Defendant's corporate offices, which did nothing except raise the ire of his district manager, who immediately began a campaign of retaliation.

18. For example, when **KRAMER** complained to corporate on May 21, 2015, he was issued discipline just days later by his district manager, the same district manager he had complained was discriminating against him on the basis of age.

19. When **KRAMER** again objected to the age discrimination and greater scrutiny he was receiving, the Defendant terminated him on August 13, 2015 due to some unspecified "irregularities" with inventory.

20. The Defendant subjected **KRAMER** and others similarly situated to far greater scrutiny than those under the age of 40.

21. Those persons not within the protected class were not subject to termination of their employment whereas those over the age of 40 were targeted for termination.

22. Furthermore, upon **KRAMER**'s termination, the Defendant hired an under-qualified and inexperienced person well outside of **KRAMER**'s protected class to replace him.

23. At all material times, the Defendant was aware of **KRAMER**'s age and statutorily protected activity and, consequently, his protected classes, which are the bases for its discriminatory employment practices toward **KRAMER**.

24. The Defendant has violated the ADEA and FCRA.

### COUNT I – VIOLATION OF THE ADEA

25. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

26. **KRAMER** seeks recovery for all damages stemming from his termination by the Defendant.

27. At all material times, **KRAMER** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

28. **KRAMER** is a member of the protected age class (over the age of 40).

29. **KRAMER** was well qualified for the position that he held with the Defendant.

30. Despite his qualifications, **KRAMER** has suffered adverse employment action in the form of the Defendant's termination of **KRAMER**.

31. A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **KRAMER**.

32. The Defendant sought applicants for **KRAMER**'s position that were outside of **KRAMER**'s protected class.

33. The Defendant has discriminated against **KRAMER** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

34. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **KRAMER** because of his age.

4

35. The Defendant's violations of the law were knowing and willful.

36. A causal connection exists between **KRAMER**'s age and the termination of his employment by the Defendant.

37. As a result of the above-described violations of the ADEA, **KRAMER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

38. **KRAMER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix.  Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

39. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

40. **KRAMER** seeks recovery for all damages stemming from his termination by the Defendant.

41. At all material times, **KRAMER** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

42. **KRAMER** is a member of the protected age class (over the age of 40).

43. **KRAMER** was well qualified for the position that he held with the Defendant.

44. Despite his qualifications, **KRAMER** has suffered adverse employment action in the form of the Defendant's termination of **KRAMER**.

45. A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **KRAMER**.

46. The Defendant sought applicants for **KRAMER**'s position that were outside of **KRAMER**'s protected class.

47. The Defendant has discriminated against **KRAMER** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

48. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **KRAMER** because of his age.

49. The Defendant's violations of the law were knowing and willful.

50. A causal connection exists between **KRAMER**'s age and the termination of his employment by the Defendant.

51. As a result of the above-described violations of the FCRA, **KRAMER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

52. **KRAMER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADEA- RETALIATION

53. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

54. **KRAMER** is a person over the age of forty (40) and, as such, is a member of a protected class.

55. At all material times, **KRAMER** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

56. **KRAMER** was qualified for the positions that he held with the Defendant.

57. Following **KRAMER**'s objections to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment and terminating **KRAMER**'s employment.

58. **KRAMER** had complained to the Defendant about what was age discrimination and the Defendant clearly observed **KRAMER**'s growing discomfort concerning the same.

59. **KRAMER**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

60. Said protected activity was the proximate cause of the Defendant's negative employment actions against **KRAMER** including changed working conditions, discipline, and termination.

61. Instead of investigating **KRAMER**'s complaints and objections of what was age discrimination, the Defendant retaliated against **KRAMER** via changed working conditions, discipline, and termination.

62. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

63. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **KRAMER** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

64. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAMER** is entitled to all relief necessary to make him whole as provided for under the ADEA.

65. As a direct and proximate result of the Defendant's actions, **KRAMER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

66. **KRAMER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

67. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

68. **KRAMER** is a person over the age of forty (40) and, as such, is a member of a protected class.

69. At all material times, **KRAMER** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

70. **KRAMER** was qualified for the positions that he held with the Defendant.

71. Following **KRAMER**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of him employment and terminating **KRAMER**'s employment.

72. **KRAMER** had complained to the Defendant about what was age discrimination and the Defendant clearly observed **KRAMER**'s growing discomfort concerning the same.

73. **KRAMER**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

74. Said protected activity was the proximate cause of the Defendant's negative employment actions against **KRAMER** including changed working conditions, discipline and termination.

75. Instead of investigating **KRAMER**'s complaints and objections of what was age discrimination, the Defendant retaliated against **KRAMER** via changed working conditions, discipline, and termination.

76. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

77. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KRAMER** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

78. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAMER** is entitled to all relief necessary to make him whole as provided for under the FCRA.

79. As a direct and proximate result of the Defendant's actions, **KRAMER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

80. **KRAMER** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JOSEPH KRAMER**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 14, 2016

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com